# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SAMUEL ANTWON WATSON,

    Petitioner,

-vs-                                                           Case No. 8:09-CV-2167-T-30TBM

STATE OF FLORIDA, et al.,

    Respondents.
_____/

## ORDER

    Petitioner, a State of Florida inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (hereinafter "petition") on October 20, 2009, in which he challenges 1997 convictions for first-degree murder and robbery with a firearm entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1). After carefully examining the allegations of the petition, the Court concludes *sua sponte* that it is time-barred under the provisions of 28 U.S.C. § 2244(d). *See Jackson v. Secretary for the Department of Corrections*, 292 F.3d 1347 (11th Cir. 2002) (holding that a district court possesses discretion to raise the issue of the timeliness of a § 2254 petition for habeas corpus *sua sponte*).

## TIMELINESS ANALYSIS

    Petitioner's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA provides a one year period within which a Section 2254

federal habeas petition must be filed. 28 U.S.C. §2244(d)(1). Petitioner filed his petition more than one year after his judgment became final and it is therefore time-barred.

Petitioner's judgment became final on August 12, 1999, ninety days after the Second District Court of Appeal affirmed Petitioner's convictions in *Watson v. State*, 736 So. 2d 1193 (Fla. 2000). *See, Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Unless the limitation period was tolled by a motion for collateral review, Petitioner had until August 12, 2000, to file his federal petition.

171 days of the limitation period expired before it was tolled by Petitioner's filing of a post-conviction motion on January 31, 2000 (See Dkt. 1 at pg. 3). The limitation period remained tolled until May 7, 2001, when the mandate was issued from the appellate court's affirmance of the trial court's denial of his post-conviction motion.[1] Thereafter, 135 days of the limitation period expired before it was again tolled by Petitioner's filing of his second post-conviction motion on September 20, 2001 (See Dkt. 1 at pg. 4). The trial court denied the post-conviction motion on November 14, 2001 (Id.). It appears from a review of the Second District Court of Appeal's database that Petitioner did not appeal the November 14, 2001 order denying his second post-conviction motion. Accordingly, the limitation period started to run again on December 15, 2001, when the time for taking an appeal expired. *See McGee v. State*, 684 So. 2d 241 (Fla. 2nd DCA 1996)(treating judgment and sentence as final

---

[1]The Court takes judicial notice of information available November 19, 2009, on the database maintained by the Clerk of the Court, Florida Second District Court of Appeal, http://www.2dca.org/the_clerk's_office.htm, which indicates that after the appellate court affirmed the denial of Petitioner's post-conviction motion, the appellate court issued its mandate on May 7, 2001. See Fed. R. Evid. 201.

when time for appeal expired). Thereafter, another 814 days expired before Petitioner filed his third post-conviction motion on March 8, 2004 (See Dkt. 1 at pg. 4).[2] Petitioner's third post-conviction motion, however, had no tolling effect on the limitation period because it was filed well after the limitation period expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert denied*, 534 U.S. 1144 (2002) (a state court petition that is filed following the expiration of the federal limitation period cannot toll that period because there is no period remaining to be tolled). Consequently, the petition before this Court is clearly time-barred.

## ACTUAL INNOCENCE

Petitioner appears to acknowledge in his petition that it is time-barred, but contends that he is actually innocent of the charges for which he was convicted, and that his claim of actual innocence "can be raised at any time..." (Dkt. 1 at pg. 18).

While the Eleventh Circuit has yet to address this issue in the context of AEDPA's limitation period,[3] generally, a procedural default may be excused if the petitioner can show that failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Assuming, without deciding, that an "actual innocence" exception to the

---

[2]According to the Second District Court of Appeal's database, Petitioner filed a petition claiming ineffective assistance of counsel on August 5, 2002. The petition, however, was dismissed as untimely. Consequently, that petition had no tolling effect on the federal limitation period. *See Allen v. Siebert*, 128 S.Ct. 2, 4-5, (2007) (where a petition for state post-conviction relief has been rejected as untimely by the state courts, it is not "properly filed" under § 2244(d)(2), and therefore the statute of limitations is not tolled).

[3]*See Wyzykoski v. Dep't of Corr.*, 226 F.3d 1213, 1218 (11th Cir. 2000).

limitation period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.

A petitioner in a collateral proceeding who wishes to establish his or her actual innocence to avoid a procedural bar to consideration of the merits of his or her underlying claim must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298 (1995). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. at 327-28). As the *Schlup* court held: To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup v. Delo*, 513 U.S. at 324. Petitioner must establish factual innocence rather than mere legal insufficiency. *Id.*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). In other words, this exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause) (footnote omitted).

Petitioner has failed to make the requisite showing of actual innocence to permit this Court to reach the merits of his underlying claims. To support his actual innocence claim,

Petitioner essentially asserts that there was insufficient evidence to convict him (See Dkt. 1 at pgs. 6-10). Petitioner has presented no "new reliable evidence" nor do his allegations suggest that any such evidence exists. Instead, Petitioner presents evidence known and available prior to trial, and presented at trial, and contends the evidence was insufficient to support his convictions. Petitioner can not support an actual innocence claim by suggesting legal insufficiency of his convictions. Petitioner's arguments are not based on new reliable evidence and fail to show that "it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623. Consequently, Petitioner fails to present a colorable claim of actual innocence.

## CONCLUSION

Petitioner's petition is time-barred. Furthermore, Petitioner has failed to satisfy the threshold requirement that he come forward with "new" reliable evidence of factual innocence. Consequently, Petitioner does not qualify for an actual innocence exception to the one year period of limitation, even if such an exception exists.

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus is **DISMISSED** as time-barred (Dkt. 1).

2. The **Clerk** shall terminate all pending motions and close this case.

3. If Petitioner can show by record evidence that his petition is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion on or before December 20, 2009.

5

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on November 23, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro se* Petitioner